WILLIAM CRITTENDEN, PLAINTIFF-APPELLANT, v. PORT
AUTHORITY TRANS-HUDSON CORPORATION, DEFEND-
ANT-RESPONDENT.

Argued September 14, 1976—Decided October 19, 1976.

Mr. *Michael H. Hochman* argued the cause for appellant (*Messrs. Miller, Hochman, Myerson & Miller*, attorneys).

Mr. *Hugh H. Welsh* argued the cause for respondent (*Mr. Francis A. Mulhern*, attorney).

The opinion of the court was delivered by

SULLIVAN, J. This is a Federal Employers' Liability Act (FELA) case. Plaintiff, an employee of defendant Port Authority Trans-Hudson Corporation, was injured in an accident which occurred in defendant's Henderson Street repair shop. Plaintiff filed suit under the act for damages and, in a trial on the issue of liability only, the jury returned a unanimous verdict finding both plaintiff and defendant negligent and appointing the degree of fault at 70% for the defendant and 30% for the plaintiff.

Defendant then moved for a judgment n.o.v. in its favor which was granted by the trial court on the ground that plaintiff had failed to prove negligence on the part of the defendant. On appeal, the Appellate Division affirmed substantially for the reasons stated by the trial judge. This Court granted certification. 69 *N. J.* 393 (1976). We reverse.

■■ The standard to be applied in determining whether plaintiff has made out a prima facie case of liability under FELA is whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. *Rogers v. Missouri Pac. Ry. Co.*, 352 *U. S.* 500, 77 *S. Ct.* 443, 1 *L. Ed.* 2d 493 (1957); *Wicks v. Central R.R. of N. J.*, 61 *N. J.* 553, 557 (1972). In *Rogers*, the United States Supreme Court emphasized that in a suit under the Act the issue of employer fault was invariably a jury question, saying:

"[T]he Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury. Special and important reasons

for the grant of certiorari in these cases are certainly present when lower federal and state courts persistently deprive litigants of their right to a jury determination." 352 *U. S.* at 510, 77 *S. Ct.* at 450–451, 1 *L. Ed.* 2d at 501–502.

We have reviewed the trial record and conclude that the proofs justify with reason the conclusion that employer negligence played a part in the happening in which plaintiff was involved. The judgment of the Appellate Division is reversed and the cause remanded to the trial court for entry of judgment in favor of plaintiff based on the jury verdict.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.